IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COMPANY DOE,

        Plaintiff

vs.                                Civil No.:_____

INEZ TENENBAUM, in her official capacity
as Chairwoman of the Consumer Product Safety
Commission, and the CONSUMER PRODUCT
SAFETY COMMISSION

4330 East West Highway,
Bethesda, MD 20814

        Defendants

******

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO SEAL CASE AND PROCEED UNDER A PSEUDONYM**

Plaintiff is a business that manufactures and sells consumer products subject to the jurisdiction of the Consumer Product Safety Commission ("Commission"). The Commission has informed Plaintiff that intends to publish on its website a report submitted by an unnamed agency; the report seeks to associate a harm suffered by a minor with the use of a product manufactured and sold by Plaintiff without any factual, scientific, medical or legal support. Plaintiff has filed the instant lawsuit to prevent publication of that report. Because the injury that Plaintiff seeks to avoid is public dissemination of the incident report, disclosure of that information in a federal judicial proceeding would cause Plaintiff the

same harm. Plaintiff therefore seeks to have all documents filed by all parties in this matter placed under seal and requests that Plaintiff be allowed to proceed in this case anonymously using the pseudonym "Company Doe." The disclosure of Plaintiff's name in a suit against the Consumer Public Safety Commission will have the same effect as disclosure on the Commission's public database, irremediably linking one of Plaintiff's products to unfounded safety concerns.

Although there is a presumption of availability of judicial records, "[t]he common law presumption of access may be overcome if competing interests outweigh the interest in access." *Stone v. University of Maryland Medical System Corporation*, 855 F.2d 178, 180 (4th Cir. 1988). This case presents those strong competing interests.

Plaintiff's underlying complaint seeks to prevent publication of a report to the http://www.saferproducts.gov database, a database created and managed by the Consumer Products Safety Commission. To require Plaintiff to proceed without the protection of an order sealing the case would in effect render Plaintiff's injuries impossible to redress. "[W]here the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," courts have granted motions such as those presented by plaintiff. *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). Allowing public disclosure of this case would also render useless Plaintiff's right to petition the government as any judicial proceeding would disclose that which Plaintiff argues the Commission is arbitrarily, capriciously, and in disregard of Plaintiff's constitutional rights seeking to publicize.

In addition, the privacy interests of non-parties are stake. Because the incident report was not filed by the child or the child's family, but by another government source, those non-parties would be made subject to a public proceeding of which they did not wish or seek to be part. Company Doe does not "merely [wish] to avoid the annoyance and criticism that may attend any litigation," but instead

seeks to "preserve privacy in a matter of sensitive . . . nature." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Plaintiff is not aware of any of those involved in the incident itself having agreed to their names being made public. Proceeding in public unnecessarily "poses a risk of . . . mental harm . . . to innocent non-parties." *Id.*

Finally, the suit challenges government action and names a federal agency and its Chairman as the defendants. The Commission is already aware of the incident report, Plaintiff's identity, and Plaintiff's arguments as to why the incident report should not be published. Such factors favor granting Plaintiff's motion. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (establishing that the defendant's status as a governmental entity is a factor for courts to consider when evaluating requests to proceed anonymously); *Doe v. North Carolina Cent. Univ.*, 1999 WL 1939248 at *4 (M.D.N.C. Apr. 15, 1999) (holding that suits against governmental entities seeking declaration that a law or regulation is invalid are appropriate cases to protect the Plaintiff's anonymity).

While often the public interest supports the need for cases to proceed openly, in this case, the public interest favors granting the motion to seal the case and proceed anonymously. In calling for the creation of the database but mandating that the Commission create minimum requirements for publication and prevent the publication of materially inaccurate information, Congress attempted to balance the public's interest in quickly receiving reports of accurate product safety information with the need to ensure the integrity of the information that the public receives and to protect businesses from the irreparable harm of materially inaccurate reports of harm making serious allegations about products. The release of the inflammatory allegations against Company Doe through public court records would further distort the careful balance Congress sought.

Less restrictive alternatives are insufficient to protect Company Doe's privacy interests, and therefore sealing the documents in this case would be appropriate under Local Rule 105.11. It would be impossible to redact the court documents in a manner sufficient to ensure the confidentiality of the report's false association of Company Doe's product with a minor's injury because that false association is at the heart of the litigation.

For these reasons, Plaintiff respectfully requests that this court seal all documents in this case and permit Plaintiff to proceed anonymously.[1]

Respectfully Submitted,

Dated: October 17, 2011

BARUCH FELLNER
DANIEL J. DAVIS, Bar No. 28542
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, District of Columbia 20036
Telephone: (202) 955-8591
Facsimile: (202) 530-9546

RAYMOND G. MULLADY, JR, Bar No. 02732
BLANK ROME LLP
Watergate 600 New Hampshire Avenue N.W.
Washington, District of Columbia 20037
Telephone: (202) 772-5828
Fax: (202) 572-8414

Attorneys for Plaintiff
COMPANY DOE

---

[1] In the event that the Court does not grant the motion to seal the documents, Plaintiff requests the opportunity to refile all of its documents in anonymous form. In the event that Plaintiff is not granted leave to file documents under seal or to proceed under the pseudonym Company Doe, Plaintiff requests the opportunity to consider the withdrawal of its filings.