UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COMPANY DOE,<br>    *Plaintiff,*<br><br>v.<br><br>INEZ TENENBAUM, Chair of the Consumer Product Safety Commission; and CONSUMER PRODUCT SAFETY COMMISSION,<br>    *Defendants.*<br><br><br>PUBLIC CITIZEN; CONSUMER FEDERATION OF AMERICA; and CONSUMERS UNION,<br>    *Objectors to Seal*. | **Civil No. 11-2958**<br>**Hon. Alexander Williams, Jr.** |

**MEMORANDUM IN SUPPORT OF MOTION
TO UNSEAL FILINGS REGARDING PLAINTIFF'S MOTION TO SEAL**

**BACKGROUND**

On October 17, 2011, plaintiff Company Doe initiated this case and moved to seal all filings in the case. *See* Dkt. #2. Under Local Rule 105(11), on October 31, 2011, Public Citizen, Consumer Federation of America, and Consumers Union (collectively "Consumer Groups") filed Objections to sealing this case. Although Local Rule 105(11) requires that motions to seal be placed on the public docket, Company Doe's Motion To Seal and accompanying papers were filed under seal. For that reason, and pursuant to the instructions of the clerk's office, Consumer Groups filed their Objections under seal.

On or before December 2, 2011, Company Doe's Motion To Seal was placed on the publicly accessible docket. However, defendant CPSC's response to that motion and Consumer Groups' Objections have still not been made publicly avaialble. Also inaccessible to the public are any motion

1

that may have resulted in the placing of the original Motion To Seal on the public docket, and any order or orders of this Court that may have issued regarding the underlying Motion To Seal or other motions regarding what materials are publicly available.

Consumer Groups now seek the unsealing of these filings regarding the Motion To Seal. Because the Motion To Seal is no longer sealed, the documents filed in the case in connection with that motion should also be unsealed.

## ARGUMENT

In requiring a motion to seal to be placed on the public docket for 14 days before a decision on the motion, Local Rule 105(11) incorporates the common-sense recognition that even while a motion to seal is pending, the motion papers themselves need not be sealed. What is at issue in a motion to seal is not the secrecy of the *arguments* regarding sealing, but the secrecy of the *underlying case materials*— here, for instance, Company Doe's Complaint. In accordance with the longstanding presumption that judicial proceedings are open to the public, *see, e.g., Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (hereinafter "*VDSP*"); *Columbus-Am. Discovery Group v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000); *Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, --- F. Supp. 2d ---, No. WMN-10-0487, 2011 WL 5505393, at *5 & n.3 (D. Md. Nov. 10, 2011); *Antonio v. Sec. Servs. of Am., LLC*, No. AW-05-2982, 2010 WL 2858252, at *7 (D. Md. July 19, 2010), this Court should seal no more than is absolutely necessary pending its decision on the underlying Motion To Seal. Local Rule 105(11) makes clear that filings supporting or opposing sealing, along with ancillary motions concerning what motions should or should not be on the public docket, should be public. Those documents contain no confidential information, just arguments about what ought to be kept secret. The

public should be privy to these arguments, in keeping with our constitutional and common-law tradition of open government.

In this case, movants filed their objections under seal only because the underlying Motion To Seal was itself sealed at that time, in spite of the contrary command of Local Rule 105(11). Now that the Motion To Seal is publicly available, the filings pertaining to that motion—including any objections that have been filed by the CPSC or others, any ancillary sealing or unsealing motions, and any orders of this Court—should be available as well. Keeping these ancillary materials secret would be particularly incongruous given that they are unlikely to contain any material that is the subject of the underlying Motion To Seal, and the underlying Motion To Seal is itself now public.

## CONCLUSION

Now that Company Doe's Motion To Seal is on the public docket, this Court should make available all documents regarding the pending Motion To Seal, including but not limited to the following categories of documents:

1. Any filings supporting or opposing the Motion To Seal,

2. Any other motions (along with filings in support or opposition) that have been or will be filed seeking to seal or unseal any filings in this case (including but not limited to the instant motion and supporting memorandum), and

3. Any orders of this Court that have been or will be filed regarding the October 17 Motion To Seal or any other motions to seal or unseal any filings in this case (including the instant motion).

Dated:  December 6, 2011

Respectfully submitted,

/s/ Scott C. Borison
Scott C. Borison (Bar No. 22576)
Francis Scott Key Mall
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016 (tel)
(301) 620-1018 (fax)
borison@legglaw.com

Scott Michelman*
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009
(202) 588-1000 (tel)
(202) 588-7795 (fax)
smichelman@citizen.org

Attorneys for Public Citizen, Consumer
Federation of America, and Consumers Union

*Admitted in this case pro hac vice.
Licensed to practice in California.
Practicing in District of Columbia pursuant to D.C.
Court R. 49(c)(8) while bar application pending.