IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COMPANY DOE, | * | |
| | * | |
| Plaintiff, | | |
| vs. | * | Civil No.: 11-cv-2958-AW |
| INEZ TENENBAUM, in her official capacity as Chairman of the Consumer Product Safety Commission, and the CONSUMER PRODUCT SAFETY COMMISSION | * | (UNDER SEAL) |
| 4330 East West Highway, Bethesda, MD 20814 | * | |
| Defendants. | * | |

\*\*\*\*\*\*

### PLAINTIFF'S MEMORANDUM OPPOSING CONSUMER GROUPS' MOTION TO UNSEAL FILINGS REGARDING PLAINTIFF'S MOTION TO SEAL

This case concerns Company Doe's efforts to prevent publication of a materially inaccurate report on Defendants' saferproducts.gov database that would irreparably harm Company Doe and the reputation of its consumer product. In order to allow this Court to decide the merits of the pending Motion for Preliminary Injunctive Relief, Plaintiff has filed a motion to seal the case, which is pending. Currently, the only documents publicly available are Plaintiff's motion to seal and the memorandum in support thereof. Notwithstanding the sensitive nature of the materials in this case, Objectors Public Citizen, Consumer Federation of America, and Consumers Union ("Consumer Groups") seek an order unsealing any response by the Defendants and Consumer Groups, and any order related to the unsealing

1

of the motion to seal. Plaintiff opposes Consumer Group's motion as it misreads the applicable Local Rule and would thwart this Court's authority to decide the merits of this case.

Local Rule 105.11, which governs the resolution of the motion and which the Consumer Groups repeatedly cite but fail to quote, states, in pertinent part:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. *The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court.* If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

(emphasis added). There are two permissible readings of this Local Rule, either of which requires rejection of Consumer Groups' motion. First, the rule could be read to require that the motion to seal be made publicly available for fourteen days prior to the Court's ruling. Recognizing this potential reading of the Local Rule and its procedural implications, Plaintiff did not intend that its motion to seal or memorandum in support be filed under seal. When Plaintiff discovered that the documents were automatically sealed, Plaintiff filed a joint motion with Defendants on November 8, 2011, requesting that the Court unseal the motion to seal and memorandum in support. On November 29, 2011, the Court signed an order granting this joint motion.

The Local Rule could alternatively be read to require placement on the public docket of only the fact of the filing of the motion to seal—but not the actual motion itself, the accompanying memorandum, or any responsive documents. On this reading, the motion to seal and memorandum in

support would not be placed on the public docket.[1] Plaintiff supports this reading as well, but in an excess of caution and at the urging of the Defendants, sought the Court's order of November 29, 2011, in consonance with the first permissible reading.

Under either reading, the Consumer Groups' motion to unseal should be denied. At most, the Local Rule requires that the motion to seal—and only the motion to seal—be publicly available. Nothing in the Local Rule suggests that the Court must make available the oppositions to the motion to seal, much less the broad categories of documents the Consumer Groups ask the Court to unseal.[2] The Local Rule is structured this way for good reason. Plaintiff's concern has been and continues to be that sensitive factual information will be revealed to the public prior to the Court's ruling on the motion to seal, thereby depriving this Court of its authority effectively to decide both the Plaintiff's motion to seal and the underlying request for a preliminary injunction preventing the dissemination of a materially inaccurate incident report. *See* Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Seal the Case and Proceed Under a Pseudonym. Defendants' memorandum opposing the motion to seal contains sensitive factual information, and the unsealing of that memorandum—as specifically sought by Consumer Groups—would threaten the viability of the judicial remedy Plaintiff seeks. *See id.* It would also be inequitable to read the Local Rule to require the public availability of opposing memoranda filed by parties who have already seen the documents submitted pursuant to the motion to

---

[1] In previous cases, this Court has stated simply that, "Before sealing any documents, the court must provide the non-moving party with notice of the request to seal and an opportunity to object. . . . This notice requirement may be satisfied by either notifying the persons present in the courtroom or by docketing the motion reasonably in advance of deciding the issue." *Randolph v. ADT Sec. Servs.*, No. 09-cv-1790-DKC, 2011 WL 3476898 at *10 (D. Md. 2011) (citing *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) (internal citations omitted)). This statement may indicate preference by this Court for the alternative reading of the Local Rule.

[2] Consumer Groups failed to file their motion to unseal under seal.

seal. Parties opposing the motion to seal could then effectively unseal sensitive factual information by referencing it in their opposition memorandum. Nothing in the Local Rule compels this inequitable result.

The primary purpose of the Local Rule is to put the public on notice that a party has asked the Court to seal documents in order "to permit the filing of objections by interested parties." Nowhere do Consumer Groups suggest that they or other interested parties have been denied ample opportunity to file objections to the Plaintiff's motion to seal. Indeed, Consumer Groups filed objections on October 31, 2011, long before the Court unsealed the Plaintiff's motion to seal. The primary purpose of the Local Rule has therefore been served. Additional public availability and scrutiny of material relevant to the motion to seal can only risk the revelation of the very information that is the subject of this litigation. Accordingly, the Consumer Groups' motion should be denied.

Respectfully Submitted,

Dated: December 14, 2011

BARUCH FELLNER, Pro Hac Vice Bar No. 96572
DANIEL J. DAVIS, Bar No. 28542
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, District of Columbia 20036
Telephone: (202) 955-8591
Facsimile: (202) 530-9546

RAYMOND G. MULLADY, JR, Bar No. 02732
BLANK ROME LLP
Watergate 600 New Hampshire Avenue N.W.
Washington, District of Columbia 20037
Telephone: (202) 772-5828
Fax: (202) 572-8414

Attorneys for Plaintiff
Company Doe