UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COMPANY DOE,<br>    *Plaintiff,*<br><br>v.<br><br>INEZ TENENBAUM, Chair of the Consumer Product Safety Commission; and CONSUMER PRODUCT SAFETY COMMISSION,<br>    *Defendants.*<br><br><br>PUBLIC CITIZEN; CONSUMER FEDERATION OF AMERICA; and CONSUMERS UNION,<br>    *Objectors to Seal*. | Civil No. 11-2958<br>Hon. Alexander Williams, Jr. |

**REPLY MEMORANDUM IN SUPPORT OF MOTION
TO UNSEAL FILINGS REGARDING PLAINTIFF'S MOTION TO SEAL**

In opposing Consumer Groups' motion to unseal filings regarding the motion to seal, Company Doe contends that no matter how this Court interprets Local Rule 105.11, the rule must *prohibit* the disclosure of papers related to a motion to seal. But there is no textual support for such a prohibition, and the First Amendment and common right of public access militate against inferring one.

Rule 105.11 instructs that a court will not rule upon a motion to seal a case "until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court." The rule thus requires the Court to seal "[m]aterials that are the subject of the motion" but not the motion itself. Contrary to Doe's suggestion, the Rule does not even mention filings regarding the motion to seal (e.g., briefs in support, in opposition, etc.), much less require them to be sealed.

1

Both common sense and the long tradition of public access to judicial records require that filings regarding the motion to seal be treated the same as the motion itself.  At a common sense level, it would be odd to read Rule 105.11 as implicitly requiring sealing of the very debate in which it invites public participation by enabling "interested parties," including any member of the public, to object to a motion to seal.  Filings regarding the motion to seal are obviously part of the debate over the motion, not the "subject of the motion."  Moreover, any doubt should be resolved in favor of disclosure, given the First Amendment and the common law of public access to court records.  Under the authorities Consumer Groups cited in its previous papers, the public has a right to be privy to this important debate about access to court records.  Doe seeks to reverse the presumption of access by demanding that secrecy, not openness, be the default rule.

Finally, Doe suggests that filings regarding its motion might somehow enable sealed material to leak out.  That could not possibly be true with respect to Consumer Groups' own filings, as the Consumer Groups are not privy to any of the information that the Company seeks to keep secret and know only what they have read in Doe's Motion To Seal.[1]  If another party's motion papers refer to sealed materials, redactions can be made if necessary.  But the mere possibility that sensitive information may exist in one document within a larger group of documents to which the public otherwise should have access (i.e., the group of filings regarding the Motion To Seal) cannot, consistent with the First Amendment, justify a blanket seal covering the whole lot.  On the contrary, the Fourth Circuit recognizes that both the First Amendment and the common law require sealing orders to be

---

[1] Doe complains that the Consumer Groups did not designate their motion as filed under seal.  Consumer Groups filed their motion and this reply electronically on the understanding, conveyed by the clerk's office to counsel, that the clerk's office will made the appropriate determination regarding what materials should appear on the public docket.

narrowly tailored.  *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989).

## CONCLUSION

Consumer Groups' Motion To Unseal should be granted.

Dated:  December 15, 2011                            Respectfully submitted,

/s/ Scott C. Borison
Scott C. Borison (Bar No. 22576)
Francis Scott Key Mall
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016 (tel)
(301) 620-1018 (fax)
borison@legglaw.com

Scott Michelman*
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009
(202) 588-1000 (tel)
(202) 588-7795 (fax)
smichelman@citizen.org

Attorneys for Public Citizen, Consumer
Federation of America, and Consumers Union

*Admitted in this case pro hac vice.
Licensed to practice in California.
Practicing in District of Columbia pursuant to D.C.
Court R. 49(c)(8) while bar application pending.