IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| COMPANY DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>TENENBAUM *et al.*,<br><br>    Defendants. | Civil Action No. 8:11-cv-02958-AW |

## ORDER

In accordance with the accompanying Memorandum Opinion, IT IS **this 31st day of July, 2012**, by the U.S. District Court for the District of Maryland, hereby **ORDERED**:

1.  That the Court **GRANTS IN PART** Plaintiff's Motion to Seal (Doc. No. 2). Consequently:

    • In accordance with the applicable procedures set forth in *Virginia Department of State Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004), the Court orders Plaintiff to propose redactions to all the records, documents, and/or evidence in this case, including the accompanying Memorandum Opinion. Such redactions shall be no greater than necessary to protect the rights and/or interests Plaintiff sought to safeguard through instituting the instant lawsuit.

    • If Plaintiff determines that it cannot redact a particular record, document, and/or item of evidence without compromising its vindicated interests, Plaintiff must, minding the procedures set forth in *Washington Post*, explain wherein satisfactory redaction is impracticable or otherwise improper. Such explanation shall provide an appropriate factual

1

and/or legal justification that both corresponds and is tailored to the **particular** record, document, and/or item of evidence allegedly compromised. Plaintiff's failure to propose redactions (and, where appropriate, explanations concerning the unsuitability thereof) may be construed as a concession that unsealing the corresponding document/s is proper.

- Plaintiff must submit its proposed redactions (and, where appropriate, explanations concerning the unsuitability thereof) **within twenty-one (21) days** of the date of this Order. Plaintiff's failure to propose redactions (and, where appropriate, explanations concerning the unsuitability thereof) within this time period may be construed as a concession that unsealing the corresponding document/s is proper. The Court directs Plaintiff to pay particular care not to overredact the accompanying Memorandum Opinion.

- The Commission, for its part, is free to comment on Plaintiff's proposed redactions, keeping in mind that the Court has prognosticated the propriety of heavy redactions, and even complete and permanent sealing, of the records, documents, and/or evidence in this case.

- In the interest of expeditious final resolution to the litigation, as well as judicial economy, the Court encourages the Parties to work cooperatively with a view to reaching an agreement regarding the propriety of Plaintiff's proposed redactions (and, where appropriate, explanations concerning the unsuitability thereof). If the Parties cannot reach such an agreement, and the Commission chooses to comment on Plaintiff's proposed redactions (and, where appropriate, explanations concerning the unsuitability thereof), it shall do so **within ten (10) days** of Plaintiff's submission of the same. If the Commission so comments, Plaintiff may reply to the Commission's comment/s **within seven (7) days** of the same.

    2.    That the Court **DENIES AS MOOT** Plaintiff's Motion for Preliminary Injunction (Doc. No. 9);

    3.    That the Court **GRANTS**, nunc pro tunc, Plaintiff's Motion for Oral Argument (Doc. No. 20);

    4.    That the Court **DENIES** the Consumer Groups' Motion to Unseal Filings (Doc. No. 22);

    5.    That the Court **DENIES** the Commission's Motion for Summary Judgment (Doc. No. 41);

    6.    That the Court **GRANTS** Plaintiff's Cross-Motion for Summary Judgment (Doc. No. 46); judgment is hereby **ENTERED** in favor of Plaintiff, with the result that the Court **PERMANENTLY ENJOINS** Defendants Inez Tenenbaum and the Consumer Product Safety Commission from publishing, disclosing, disseminating, distributing, publicly discussing, or otherwise revealing the challenged report of harm or its contents;

    7.    That the Clerk of the Court **CLOSE** this case;

    8.    That the Clerk of the Court **MAINTAIN** this case under **SUPER SEAL** until such further time as the Court may direct otherwise; AND

    9.    That the Clerk of the Court transmit a copy of this Order and accompanying Memorandum Opinion to counsel of record for the following Parties: (1) Company Doe; (2) Defendant Inez Tenenbaum; and (3) Defendant Consumer Product Safety Commission. The Clerk of the Court is further **ORDERED** to transmit a copy of this Order, and only this Order, to counsel of record for the following Interested Parties: (1) Public Citizen; (2) Consumer Federation of America; and (3) Consumers Union. The Clerk of the Court **SHALL NOT**

transmit a copy of the Memorandum Opinion accompanying this Order to the Interested Parties until such later time as the Court may direct otherwise.

|  |  |
|---|---|
| July 31, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |