UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COMPANY DOE,
    *Plaintiff,*

v.

INEZ TENENBAUM, Chair of the Consumer Product Safety Commission; and CONSUMER PRODUCT SAFETY COMMISSION,
    *Defendants.*


PUBLIC CITIZEN; CONSUMER FEDERATION OF AMERICA; and CONSUMERS UNION,
    *Objectors to Seal*.

**Civil No. 11-2958**
**Hon. Alexander Williams, Jr.**

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

### BACKGROUND

On October 17, 2011, plaintiff Company Doe filed the complaint in this case and moved to seal all filings in the case and to proceed under a pseudonym. Doc. No. 2. Pursuant to Local Rule 105(11), on October 31, 2011, Public Citizen, Consumer Federation of America, and Consumers Union (collectively, "Consumer Groups") filed objections to the plaintiff's motion.

On December 6, 2011, Consumer Groups moved to unseal all filings regarding plaintiff's motion to seal, so that the public would have access to the arguments regarding sealing while this Court considered the motion. Doc. No. 22.

On July 31, 2012, this Court issued an order that (among other things) granted in part the plaintiff's motion to seal (including its request to proceed under a pseudonym), denied Consumer Groups' motion to unseal, and granted summary judgment to plaintiff. Doc. No. 51. Under the terms of

1

the July 31 order, the extent to which the filings in this case remain under seal will depend on the parties' proposed redactions, but the order clearly contemplates that significant portions of the case file will remain under seal. *See* Doc. No. 51, at 2 (stating that "the Court has prognosticated the propriety of heavy redactions, and even complete and permanent sealing, of the records, documents, and/or evidence in this case").

Consumer Groups now seek permissive intervention for the limited purpose of challenging the partial sealing of this case (including the use of a pseudonym for the plaintiff).[1]

## ARGUMENT

### I. Nature of the Case and Interest of Proposed Intervenors

As described in its motion to seal (Doc. 2), the plaintiff is a company that manufactures and sells consumer products, and one of these products is the subject of a report associating the product with harm to a minor. Ordinarily the Consumer Product Safety Commission (CPSC) would include such a report in its publicly available, web-accessible, searchable database for consumer complaints about product safety. *See* 15 U.S.C. § 2055a. But the plaintiff filed this action to block the report of harm from being included the database; according to the Court's July 31 order, the plaintiff has prevailed.

At the outset of this case, plaintiff moved to seal the case and proceed under a pseudonym. Consumer Groups—fearing that permitting the plaintiff to litigate this case in secret would impair the public discourse regarding a vital consumer safety tool, and opposing in principle broad sealing orders that block public access to court proceedings—filed objections to explain why sealing the case and allowing the plaintiff to use a pseudonym would, in the circumstances here, be antithetical to First

---

[1] As noted in the motion itself, Consumers Groups refer to their October 31 Objections as the pleading "set[ting] out their claim . . . for which intervention is sought." Fed. R. Civ. P. 24(c). The D.C. Circuit has questioned whether such a pleading is required at all where judgment has already been rendered. *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 n.19 (D.C. Cir. 2004).

Amendment and common law principles of open government. Given this Court's judgment on the merits permitting the plaintiff to avoid the inclusion of its product in the CPSC database, this case could have broad consequences for consumer safety protections; accordingly, public access to the judicial records in this case remains crucial for an informed public debate about the database. Additionally, independent of the result of the case, public access to judicial records remains vital to a transparent system of government.

Public Citizen, Inc., a non-profit advocacy organization with approximately 300,000 members and supporters nationwide, appears before Congress, administrative agencies, and the courts to advocate for consumer protections, health and safety regulations, access to the courts, and open government. Since its founding forty-one years ago, Public Citizen has been a strong advocate for government and corporate accountability, and has consistently supported strong protections for consumers and broad public access to government records and proceedings.  Public Citizen lobbied Congress in support of the Consumer Product Safety Improvement Act of 2008 (CPSIA), commented on the proposed regulations issued by the CPSC to implement the CPSIA, and published an influential report on the dangers to the public when safety complaints made to the CPSC are not timely disclosed to the public.  In addition, Public Citizen's attorneys have handled numerous cases concerning the right of public access to litigation documents, including *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir. 1988); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983); *Cardiac Pacemakers, Inc. v. Aspen II Holding Co.*, No. 04-4048, 2006 WL 3043180 (D. Minn. Oct. 24, 2006); *Chao v. Estate of Frank Fitzsimmons*, 349 F. Supp. 2d 1082 (N.D. Ill. 2004); *In re American Historical Ass'n*, 62 F. Supp. 2d 1100 (S.D.N.Y. 1999); *In re Agent Orange Products Liability Litigation*, 104 F.R.D. 559 (E.D.N.Y. 1985); and *Hammock v. Hoffmann-LaRoche*, 662 A.2d 546 (N.J. 1995).

Consumer Federation of America (CFA) is a non-profit association of nearly 300 non-profit organizations, including consumer, senior citizen, low-income, labor, farm, public power, and cooperative organizations. Founded in 1968, CFA represents consumer interests before federal and state regulatory and legislative agencies, participates in court proceedings, and conducts research and public education. As part of CFA's product safety work, CFA worked in support of the CPSIA, which set in motion the most significant changes to the CPSC since the agency was created in 1972. Among the CPSIA's important innovations was the creation of the product database. CFA believes that increased transparency concerning products will protect consumers, strengthen the CPSC's ability to protect consumers, and improve the marketplace. In support of the database, CFA has testified before the CPSC, filed comments with the CPSC, spoken at numerous public forums, and published an article.

Consumers Union, doing business as Consumer Reports, is a non-profit membership organization founded 75 years ago to work for a fair, just, and safe marketplace for all consumers and to empower consumers to protect themselves. Consumer Reports annually tests and reports on thousands of consumer products, publishes the Consumer Reports family of magazines, books, websites, and other digital publications, and engages in federal and state lobbying and advocacy, including market reform. Consumer Reports' publications and other information products have over eight million subscribers and reach millions more, and its advocacy work enlists the assistance of close to a million citizen-activists. As a media organization, Consumer Reports uses information from the CPSC database in reporting on product safety risks. Consumer Reports has already used the CPSC database to expose hazards associated with toning shoes, compact fluorescent lightbulbs, and shattering glass bakeware.

## II.      Reasons To Allow Intervention

Federal courts of appeals are in broad agreement that permissive intervention is appropriate where a third party seeks to obtain access to judicial records or to oppose a protective order. *See, e.g., San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999) (granting mandamus to vacate denial of motion for leave to intervene); *In re Assoc. Press*, 162 F.3d 503, 507 (7th Cir. 1998) ("[T]he most appropriate procedural mechanism [for third parties to obtain access to court proceedings and documents] is by permitting those who oppose the suppression of the material to intervene for that limited purpose."); *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods*, 823 F.2d 159, 162 (6th Cir. 1987); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2nd Cir. 1979); *In re Beef Industry Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979).

Consistent with the consensus among the federal courts, the Fourth Circuit has granted leave to intervene to permit the filing of a motion for access to the appellate record, *see United States v. Moussaoui*, 65 F. App'x 881, 884 (4th Cir. 2003), and has decided on the merits several appeals in which third parties intervened to seek access to judicial records. *See Media Gen. Operations v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 572 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 250 (4th Cir. 1988).

Intervention poses no risk of prejudice or delay to the original parties, *see* Fed. R. Civ. P. 24(b)(3), where, as here, the underlying dispute between the parties has already been resolved, and the proposed intervenors and their concerns have been present in the case from the start. *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 (D.C. Cir. 2004). Nor does the fact that the underlying dispute between the parties has been resolved render a motion to intervene untimely. *See Pansy*, 23 F.3d 778-80 (so holding and citing additional authorities).

In accord with the prevailing view among the circuits, and the practice in this circuit, this Court should permit intervention so that Consumer Groups may appeal the sealing and pseudonym rulings here, which implicate their First Amendment and common-law rights of access to judicial records.

## CONCLUSION

For the foregoing reasons, this Court should grant Consumer Groups' motion to intervene.

Dated:  August 7, 2012                          Respectfully submitted,

/s/ Scott C. Borison
Scott C. Borison (Bar No. 22576)
Francis Scott Key Mall
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016 (tel)
(301) 620-1018 (fax)
borison@legglaw.com

Scott Michelman (admitted pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009
(202) 588-1000 (tel)
(202) 588-7795 (fax)
smichelman@citizen.org

Attorneys for Public Citizen, Consumer
Federation of America, and Consumers Union