UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COMPANY DOE,<br>*Plaintiff,*<br><br>v.<br><br>INEZ TENENBAUM, Chair of the Consumer Product Safety Commission; and CONSUMER PRODUCT SAFETY COMMISSION,<br>*Defendants.*<br><br>PUBLIC CITIZEN; CONSUMER FEDERATION OF AMERICA; and CONSUMERS UNION,<br>*Objectors to Seal.* | **Civil No. 11-2958**<br>**Hon. Alexander Williams, Jr.** |

## CONSUMER GROUPS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION

Public Citizen, Consumer Federation of America, and Consumers Union (collectively, "Consumer Groups") oppose Plaintiff Company Doe's October 16, 2012 Motion for Clarification of this Court's October 9 order granting Consumer Groups permissive intervention.

As a threshold matter, the motion should be denied because the Company has not obtained leave of the court of appeals, which is required by the rule under which the Company seeks relief. *See* Fed. R. Civ. P. 60(a) ("[A]fter an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.").

In addition, Company Doe's motion lacks merit and should be denied for that reason as well. "Rule 60(a) is properly utilized 'to perform a completely ministerial task' (such as 'making a judgment more specific in the face of an original omission'), but not to 'revisit the merits of the question' or 'reconsider[] the matter.'" *Caterpillar Fin. Servs. Corp. v. F/V Site Clearance I,* 275 F. App'x 199, 204-

1

05 (4th Cir. 2008) (quoting *Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994)); *see also Britt v. Whitmire*, 956 F.2d 509, 512-13 (5th Cir. 1992) ("Rule 60(a) does not apply to a motion seeking correction of an error of 'substantive judgment' or an error that affects substantial rights of the parties." (footnotes omitted)). Changing this Court's grant of intervention to a *contingent* grant of intervention would not correct a "clerical mistake" or "perform a completely ministerial task," but rather would "revisit the merits of the question" – not an appropriate function of Rule 60(a).

If the motion is treated as a Rule 59(e) motion to alter or amend judgment, *see Britt*, 956 F.2d at 515 (treating motion as made under Rule 59(e) rather than Rule 60(a) because "the motion[] sought substantive alteration[] in the judgment[]"), it fares no better. As the Fourth Circuit has explained:

> A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly.

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations and internal quotation marks omitted). Company Doe's motion falls far short of this demanding standard. It points to no change in law, new evidence, or clear error or manifest injustice.

The Court's grant of intervention was in accord with the broad appellate consensus, cited in Consumer Groups' Motion To Intervene, Doc. No. 52, that permissive intervention is appropriate where a third party seeks to obtain access to judicial records or to oppose a protective order. *See EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."); *see, e.g., San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999); *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015-16

(11th Cir. 1992); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods*, 823 F.2d 159, 162 (6th Cir. 1987); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2d Cir. 1979); *In re Beef Industry Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979). Neither Company Doe's response to the motion to intervene (dated August 23, 2012, docket number under seal) nor its current motion for clarification offers any rebuttal to these authorities.

Instead, Company Doe makes two arguments in support of its motion. First, the Company argues this Court should revise its order because Company Doe's own non-opposition to Consumer Groups' motion contained a footnote suggesting that it "would . . . wish to reconsider its position" with respect to intervention if the government does not pursue its appeal. Pl.'s Resp. to Mot. To Intervene 2 n.2. This contention rests on the dubious premise that Consumer Groups' intervention stands or falls on Company's Doe's own tolerance for it, rather than this Court's considered exercise of discretion based on the governing legal principles. The Court, in ruling, had before it Company Doe's August 23 memorandum stating its position and, nonetheless, built no contingency into its order granting intervention. Doe's motion adds no new reason for this Court to revise its order now.

The Company's second argument is the insinuation that intervention would retroactively become inappropriate if the original controversy between Plaintiff and Defendants – that is, the controversy over whether the CPSC should include a report about Plaintiff's product in its database – subsequently ceases to exist because the Defendants do not pursue their appeal. This suggestion ignores the continuing existence of a controversy – over the extent to which information about this case should available to the public – between Plaintiff and Consumer Groups, who by virtue of the Court's ruling on intervention have become parties to this case. The evaporation of the controversy regarding the merits does not

negate the presence of the controversy regarding sealing, which Consumer Groups may appeal on their own. *See, e.g., Bryant v. Yellen*, 447 U.S. 352, 366-68 (1980) (intervenors who demonstrated a controversy could appeal even though original party did not); *accord Maine v. Taylor*, 477 U.S. 131, 136 (1986); *see generally Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375-76 (1987) ("An intervenor, whether by right or by permission, normally has the right to appeal an adverse final judgment by a trial court.").

Because Company Doe failed to obtain required leave of the Fourth Circuit, because this Court appropriately exercised its discretion to grant intervention, because Company Doe offers no rebuttal to the legal basis for the Court's order, because Company Doe has not identified a clerical error in need of correction, and because no new information supports reconsideration, Company Doe's motion should be denied.

Dated: October 17, 2012

Respectfully submitted,

/s/ Scott Michelman

Scott Michelman (admitted pro hac vice)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009
(202) 588-1000 (tel)
(202) 588-7795 (fax)
smichelman@citizen.org

Scott C. Borison (Bar No. 22576)
Francis Scott Key Mall
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016 (tel)
(301) 620-1018 (fax)
borison@legglaw.com

Attorneys for Public Citizen, Consumer
Federation of America, and Consumers Union

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2012, I caused the foregoing CONSUMER GROUPS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION to be served by mailing a copy by U.S. postal mail to the following counsel for the parties:

> Baruch Fellner
> Gibson, Dunn & Crutcher LLP
> 1050 Connecticut Ave. NW
> Washington, DC 20036
>
> Neil R. White
> Office of the United States Attorney
> 6500 Cherrywood Lane Ste 400
> Greenbelt, MD 20770
>
> Roger Gural
> Department of Justice
> Office of Consumer Litigation
> P.O. Box 386
> Washington, DC 20044

Dated: October 17, 2012

                                                                  Scott Michelman (admitted pro hac vice)

                                                                  Attorney for Public Citizen, Consumer
                                                                  Federation of America, and Consumers Union