IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COMPANY DOE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| INEZ TENENBAUM, in her official | * | Civil No. 11-CV-2958-AW |
| capacity as Chairman of the | * | |
| Consumer Product Safety | * | **FILED UNDER SEAL** |
| Commission, and the CONSUMER | * | |
| PRODUCT SAFETY | * | |
| COMMISSION, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF DEFENDANTS' STATEMENT OF OBJECTION AND MOTION TO UNSEAL THIS STATEMENT OF OBJECTION

Defendants, the United States Consumer Product Safety Commission ("CPSC" or "the Commission") and Inez Tenenbaum, object to inaccurate statements made by Plaintiff in recent filings on the public docket.[1] Plaintiff stated, "[t]he Government has . . . effectively conceded the correctness of this Court's decision by dismissing its appeal." Memo. in Supp. of Mot. for Recons. at 13 (Dkt. No. 80) (Dec. 20, 2012). In a later filing, Plaintiff stated, "the Office of the Solicitor General has agreed with this Court's decision by declining to authorize an appeal of the merits or the sealing issue." Reply in Supp. of Mot. for Recons. at 8 (Dkt. No. 82) (Dec. 31, 2012). Plaintiff does not speak for the government and Plaintiff's statements should be

---

[1] By order of the Court, this case remains under super seal except for the documents that the Court specifically ordered to be published on the docket. Rev. Mem. Op. at 73 (Oct. 22, 2012) (Dkt. No. 74). Nevertheless, Plaintiff has now filed two documents on the public docket without any Court approval of which Defendants are aware, in contravention of the seal. *See* Dkt. Nos. 80 and 82.

disregarded *in toto*.[2] As a general matter, the Solicitor General's no-appeal decision may be

based on any number of legal and practical considerations, as the U.S. Supreme Court has

recognized: "the Solicitor General considers a variety of factors, such as the limited resources of

the government and the crowded dockets of the courts, before authorizing an appeal." *United*

*States v. Mendoza*, 464 U.S. 154, 161 (1984). *See also* MICHAEL E. TIGAR & JANE B. TIGAR,

Federal Appeals Jurisdiction and Practice § 5:1 (3d ed. 2012) (setting forth a twelve-paragraph

list of factors for any litigant, not just the Solicitor General, to consider in deciding whether to

appeal an adverse decision). Considerations such as those can lead the government to a no-

appeal decision even if it disagrees with an opinion. What is more, the government does not

divulge its consideration of those factors. Here, the government certainly did not share its

evaluation of the merits of an appeal with Plaintiff—the party who would be adverse to the

government if an appeal was in fact pursued. Because Plaintiff's suppositions can be based on

nothing more than guesswork, they should be disregarded completely. It was baseless and

improper for Plaintiff to assert that the government agrees with the Court's holding on the basis

that the government decided not to pursue an appeal.

Not only was Plaintiff wrong to purport to speak for the government, it was also wrong to

do so publicly. This Court partially granted Plaintiff's October 17, 2011 Motion to Seal Case,

and only approved the unsealing of certain documents. Rev. Mem. Op. at 73 (Oct. 22, 2012)

(Dkt. No. 74). However, Plaintiff filed its Motion for Reconsideration and Reply publicly

---

[2] For the same reasons, Plaintiff's statements that "by acquiescing in this Court's decision and order, the Government, nunc pro tunc, has decided this report does not deserve publication . . . ," Memorandum in Support of Motion for Reconsideration at 15, and "the government has conceded that the report was materially inaccurate by dismissing its appeal . . . ," Memorandum in Support of Motion for Reconsideration at 19, should be disregarded as baseless.

without obtaining any leave by this Court to do so.  As it stands now, Plaintiff has publicly taken an inaccurate position, improperly on behalf of the government, and Defendants are unable to publicly respond.

Therefore, Defendants move to unseal the instant Statement of Objection and Memorandum in Support so that those accessing the few publicly-available documents in this case do not labor under the misimpression that the government has conceded that the Court's opinion is correct or that the government otherwise agrees with the Court's holding.  Further, placing the instant filing on the public docket is consistent with this Court's October 22, 2012, opinion, because it neither reveals Plaintiff's identity nor contains information that could lead to Plaintiff's identity being revealed.

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General

MICHAEL S. BLUME
Director

OF COUNSEL:

STEPHANIE TSACOUMIS
General Counsel

MELISSA V. HAMPSHIRE
Assistant General Counsel

AMY S. COLVIN
ALEXANDER W. DENNIS
Attorneys
U.S. Consumer Product Safety Commission
Bethesda, Maryland 20814

ROGER GURAL
Trial Attorney
Consumer Protection Branch
United States Department of Justice
450 Fifth St., N.W., Suite 6400 South
Washington, DC  20530
Telephone: 202-307-0174
Fax: 202-514-8742
Roger.Gural@usdoj.gov